HENRY C. PLIMPTON v. LEWIS N. SPRAGUE.

*Selection of Property as Exempt from Attachment.*

When the defendant levied on the plaintiff's three horses, the plaintiff claimed to own only the horse in question, and that title to the other two was in A., and that whether he had any interest in them or not, could not be ascertained till he and A. settled.   He claimed the horse in question as his team, and that it was exempt from attachment ; and declined to make any selection as between it and the other three, for the reason aforesaid.   On the day of sale, the plaintiff forbade the defendant's selling the horse in question, and claimed it as his team.   It turned out on trial, that the plaintiff in fact owned all three of the horses ; but it did not appear but that he told the truth as to his interest in the other two ; nor did it appear that he attempted to mislead the defendant.   *Held,* that the plaintiff made a sufficient selection of the horse, to exempt it from the levy.

TRESPASS and trover for a horse. Plea, the general issue, with notice of justification under a writ of execution. Trial by jury, September term, 1873, BARRETT, J., presiding. The levy was made by leaving a copy in town clerk's office, and the defendant proceeded legally in the levy and sale. The only question was, whether said horse was exempt from execution by reason of being kept and used by the plaintiff as his team, and whether the plaintiff selected said horse for his team, and made known such selection to the defendant according to law. At the time of said levy and sale, the plaintiff had no oxen, but he then had, and for a considerable time before had had, the horse in question and two other horses in possession and use. He claimed, and his evidence tended to show, that he had title only to the Bemis horse; that the title to the others was in one Allen, and that whether he had any interest in them, could not be ascertained till he and Allen had settled matters between them; and that the plaintiff kept and used the Bemis horse as his team. The defendant's evidence tended to show that the plaintiff owned the three horses and used them all for team. The evidence was to the effect that the Bemis horse was not worth more than $200, and that neither of the others was worth that sum, and one of them only about $40. The defendant's evidence tended to show that by virtue of said execution, he called on the plaintiff and told him he had been directed to levy on all three horses, and requested him to select from them his team; that the plaintiff declined to do so, claiming the Bemis horse was the only one he owned, and that he used him for his own driving, and claiming as to the other two, as above stated; that while the defendant was selling said Bemis horse, the plaintiff forbade his selling it, but made no selection of it as his team. This was the only one of the horses that the defendant took from the plaintiff's possession, and this was not taken till the day, and for the purpose, of sale. The plaintiff's evidence tended to show that when the defendant told him he had been directed to make the levy on the three horses, and requested him to select his team, he informed the defendant that he did not own the other two horses, and that the Bemis horse was his, and he claimed it as his team. The plaintiff testified that when the defendant called on

him on the day of the sale, and before the sale took place, to select his team out of the three horses, he told the defendant that he had no selection to make, and that his only horse was the Bemis horse. The plaintiff introduced W. H. Castle as a witness, whose testimony tended to show that on the day of said sale, the plaintiff forbade the defendant's selling the Bemis horse, claiming it to be his only horse and his team. The plaintiff requested the court to charge, that he had a right to make choice in the horses he would take as his team, at any time before the horse was struck off, and that if he told the defendant at the time of the sale, and before the horse was struck off, not to sell the horse,—that it was his team, and all the team he had, or that he claimed it as his team,—that would be such a choice as he had a right to make, and the defendant would have had no right to sell, and if he did sell, would be liable for the value of the horse in this action, and that this would be so, even though the jury find that Allen had no interest whatever in either of the horses. In the closing argument for the plaintiff, the claim that the plaintiff did not own the three horses, was abandoned, and the only question submitted to the finding of the jury was as to what passed between the plaintiff and the defendant on the day of sale, as constituting a selection of the Bemis horse out of the three as being the plaintiff's team, and forbidding the defendant to sell it, for that reason. Upon that subject, the court charged the jury as follows:

" As the matter has been submitted to you under the closing argument of the plaintiff's counsel, it is to be assumed for the purposes of this trial, as I understand it, that Mr. Plimpton did own the three horses, so that they were all subject to attachment and levy and sale upon execution. They had all been levied upon according to the provisions of the statute. It would not require the sale of all three, although they had been levied upon. When the sheriff was about to make the sale, in some way or another, the plaintiff would have a right to designate which of the horses he would claim under the statute that gives them exemption. It seems, without controversy, that the sheriff did call upon the plaintiff to designate which of the horses he claimed, and he declined to. That is the sheriff's testimony. at any rate. He and Mr. Plimpton do not exactly agree about that. The statute exempts a pair of horses for team work—two horses kept and used

for team work; also one yoke of oxen or steers, as the debtor may select; two horses kept for team work, and such as the debtor may select in lieu of oxen or steers, but not to exceed in value the sum of $200. It was therefore the right of the plaintiff to have two of those horses, not exceeding in value $2000, exempt from sale on that execution. If it was his right to have two, it certainly was his right to have one. I understand that he claimed exemption of only one. He claims exemption now of only one, notwithstanding it is assumed for the purposes of this trial, that he owned all three of them. 'Such as the debtor may select.' That implies, as matter of course, that he is to select. When he was called upon by the sheriff to select, it was his duty to select, and if he neglected to select, the sheriff would have to select for himself what he would sell. Leaving it right there, it would not lie in the plaintiff's mouth to complain that the sheriff had not selected the right one. The debtor had had his chance to select, and he wouldn't accept of it. He left the sheriff with the property on his hands, without any selection. It was the duty of the sheriff to go and sell, out of that property, enough to satisfy the execution. In the failure of the debtor to select, the sheriff would have to exercise his prerogative in selling such of the property as he saw fit. The sheriff says that in the failure of the plaintiff to select, he sold this Bemis horse. There is no controversy but that the plaintiff owned the Bemis horse; there is no controversy, for the purposes of this trial, but that he owned the other horses. So that the question now is, whether this horse was exempt. That depends upon what passed between the plaintiff and the sheriff prior and up to the time of sale. The horse was subject to attachment and levy, but for this matter of exemption that the plaintiff now claims. It is for the plaintiff to satisfy you that the horse falls within the exemption. He claims the right to have this particular horse exempt. You must be able to find from the evidence, that the case so stands as to bring this horse within the exemption. I repeat, then, that depends upon what passed between the sheriff and the plaintiff in reference to this matter of exemption. What do you find to be true when the sheriff first called upon Mr. Plimpton about this? You have heard their respective stories. The sheriff says that he refused to designate any. Plimpton says that he did designate this Bemis horse. What do you believe about that? If you find it upon the evidence as the plaintiff claims, then there was a designation, and the sheriff could not thereafter lawfully proceed to sell that horse. If you fail to find that, and find it as the sheriff claims—that he declined to make any designation—then what do you find, upon

the evidence, passed between the sheriff and Mr. Plimpton afterwards, prior, and up to the time of sale, in reference to claiming this exemption? If you find that Plimpton was called on by the sheriff to select his team, and he declined to do so, the sheriff might levy and sell the horse on the execution. If, after thus declining to select, the plaintiff afterwards forbade the sale, and did it so as to give the sheriff to understand it was on the ground of a selection of the Bemis mare out of the three that he owned, that would prevent the sheriff from making a lawful sale of that horse. Notwithstanding in the first instance he had declined to make a selection, if afterwards, and before the sale, he forbade the sale, and did it in such a way as to give the sheriff to understand that it was on the ground of the selection of the Bemis mare out of the three that he then owned, the sheriff could not thereafter lawfully sell that Bemis mare on the execution. Now you have heard the evidence bearing upon what passed in reference to the sale of the Bemis mare afterwards. If, instead of putting it upon that ground—that is, the ground of selection as between the three that he then owned—he put it on the ground that he owned only the Bemis mare, and not upon the ground of a selection; if he put it, not on the ground that he was selecting the one of the three that he actually owned, so that he gave the sheriff to understand that his right of exemption was not by way of selection, but that he owned only that, that would not be so putting the sheriff upon the matter of the plaintiff's right of exemption, as to prevent his making a lawful sale of the horse. So it will be for you to say on the evidence, what was his forbidding. Was it by way of revoking what had formerly passed between him and the sheriff, namely, that he would not make any selection, and then making one out of the three horses that he owned? or was it on the ground of his claiming an exemption of his horse because this was the only one he owned, and did not own the others? If it was the former, then the defendant had no right to sell; if not, the defendant would have a right to sell it. If you find that he did claim an exemption on the ground of selection, in such a way as to render it unlawful for the defendant to proceed and sell that horse, then you will inquire in the next place, whether that was a horse that he selected to be kept and used for team work."

The charge in all other respects was full and satisfactory. To so much of the charge as was not in compliance with his request, the plaintiff excepted.

*J. G. Eddy*, for the plaintiff, cited *Haskins* v. *Bennett et al.*
41 Vt. 698.

*E. L. Waterman* and *K. Haskins*, for the defendant, cited
*Davis et al.* v. *Bradley et al.* 24 Vt. 55 ; *Strong* v. *Ellsworth*, 26
Vt. 366 ; *Haskins* v. *Bennett et al. supra.*

The opinion of the court was delivered by

PIERPOINT, Ch. J.   It appears that when the defendant attached
the plaintiff's horses, the plaintiff claimed that he only owned the
Bemis horse, so called, and that the title to the other two was in
Allen ; and that whether he had any interest in them or not, could
not be ascertained until he and Allen had settled.   He claimed the
Bemis horse as being exempt from attachment, claiming it as his
team, but declined to make any selection as between the three, for
the reason above stated.   This, we think, left the defendant at
liberty to take the other two, if he did own the three ; but did
not authorized him to take the Bemis horse.   If he owned the
three, this was a sufficient selection of the Bemis horse.   If he did
not own the three, the Bemis horse was not subject to attachment.
On the day of sale the plaintiff forbade the defendant selling the
Bemis horse—claiming it as his team.   It turned out on the trial
that the plaintiff did own the three horses ; but it did not appear
but that the plaintiff told the truth when he said his interest
in the two depended on his settlement with Allen, nor that there
was any attempt at concealment, or to mislead the officer.

The court, in their charge to the jury, seem to have proceeded upon
the theory that, in order to make a selection that the officer was
bound to respect, the plaintiff must first-acknowledge in some way
that he owned the three, and then make his selection from that
number ; and so left it to the jury, that if they found that he did
not claim it as one of the three, that his claim was of no avail,
and the defendant was justified in attaching it.   We think, if the
plaintiff claimed the Bemis horse as his team, and forbid the de-
fendant's taking it, that was a sufficient selection to exempt it, if
he owned others, whether he said anything about the others or not.
The defendant proceeded upon the ground that the plaintiff owned

the three horses, and because the plaintiff did not acknowledge it, insisted upon taking the one that he claimed as his team instead of taking those that he did not claim as his team, simply because he did not give a satisfactory reason for his claim.

Judgment reversed, and case remanded.